# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 241
### CLEVELAND RY. CO. v. MOERSCH, Admx.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6933.   Decided March 7, 1927

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

301. CONTRIBUTORY NEGLIGENCE — Where evidence of plaintiff raises a presumption of contributory negligence on part of decedent, proof must be furnished to dispel the inference of such negligence.

949. PRESUMPTIONS—Violation of speeding ordinance is not taken to be a fact, thereby establishing contributory negligence of decedent; but such a presumption arises from the testimony developed by plaintiff.

Charlotte Moersch, administratrix of the estate of William James deceased, sought to recover from the Cleveland Railway Co. in the Cuyahoga Common Pleas for death of the decedent.   It was alleged that the Company in extending its double track system left unpaved the devil strip between the rails and had erected a trolley pole; and that the material removed from the devil strip had been scattered on the street.

Decedent, before daylight, on April 9, 1924, was driving his automobile on the street which was wet and slippery, when his wheels struck the accumulation of material which had been thrown on the street by the Company, causing his machine to turn to the left and to run into the devil strip and against the trolley pole, causing the injuries which resulted in decedent's death.

It was claimed that the Company was negligent in placing the excavated material on the highway; in neglecting to place lamps or warnings along said highway to notify travellers of the dangerous condition of and the accumulation of material on the highway.   A verdict was returned by the jury for Moersch, and judgment was entered thereon.

The Company prosecuted error and asked the Court of Appeals to either enter judgment on the record in its favor or to affirm the lower court.   The Court of Appeals held:

1.   There was some evidence that the Company was guilty of negligence as charged in the petition; but the testimony of Moersch made such a showing of negligence on the part of the decedent as to require the administratrix, as part of her case, to dispel the inference of contributory negligence.

2.   The rule as it now obtains is that the plaintiff must furnish proof to dispel the inference that contributory negligence existed, where his evidence raised a reasonable presumption of negligence on his part.   Railway Co. v. Lee, 111 OS. 391.

3.   The plaintiff in this case brought out through one of her witnesses that at the time of the collision the decedent was driving at a speed greater than tweny miles an hour.

4.   By virtue of section 64 of the ordinance regulating traffic in the City of East Cleveland, any rate of speed greater than 20 miles per hour is "presumptive evidence of a rate of speed greater than is reasonable or proper."

5.   Inasmuch as there was no other evidence in the record to dispel the presumption of contributory negligence, arising on part of the decedent, the Company was entitled to a directed verdict.

6.   We do not find it to be a fact that the decedent was violating the ordinance and was, consequently, guilty of contributory negligence.   We only found that the plaintiff has developed testimony from which such a presumption arises, and having created the presumption is bound by it until same is dispelled.

Judgment reversed and judgment entered for Company.

Attorneys—Squire, Sanders & Dempsey for Company; Bernon, Mulligan, Keeley & Le Fever for Moersch; all of Cleveland.